IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

HANNAH MARIE WALTER,

       Petitioner,

v.                                                                    Case No. 1:13-cv-09245

SANDRA BUTLER, Warden,
FPC Alderson,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (ECF No. 5), challenging the calculation of her prison sentence.[1]  This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 24, 2010, the petitioner was arrested in Tom Green County, Texas for a probation violation and new charges of fraud/use of identifying information, unauthorized use of a vehicle, and possession of a controlled substance.  (*See* ECF No.

---

[1]  On March 20, 2013, the United States District Court for the Northern District of Texas received a letter from the petitioner which the court treated as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).   The petition was subsequently transferred to this court because the petitioner was incarcerated in this district when she filed the petition (ECF No. 6).   Prior to transferring the matter to this court, however, the District Judge in Texas entered an Order directing the petitioner to file an Amended Petition (ECF No. 3).   The Amended Petition supersedes the initial petition and is the operative document to be reviewed by this court.

14, Resp't Ex. 1, ¶ 5 and Attach. A).   On April 14, 2010, the petitioner was indicted in the United States District Court for the Northern District of Texas on drug conspiracy charges.   (*Id.*, ¶ 6).   On May 7, 2010, the petitioner was borrowed from Texas state custody by federal authorities to answer to the federal charges.   (*Id.*, ¶ 7 and Attach. B).

On June 17, 2010, the petitioner pled guilty to the federal charges and, on September 17, 2010, she was sentenced to serve a 78-month term of imprisonment.   On November 19, 2010, the petitioner was returned to state custody based upon the state's primary jurisdiction.   (*Id.*, ¶ 8 and Attach. 8 and 9).   On November 23, 2010, the petitioner's new state charges were dismissed in lieu of the federal prosecution.   (*Id.*, ¶ 9 and Attach. D).   However, on December 1, 2010, the petitioner was sentenced to 75 days in state custody on the probation violation, and given credit for time served.   (*Id.*, ¶ 10 and Attach. E).   Thus, the petitioner was transferred to the custody of federal authorities on December 1, 2010, to begin serving her federal sentence.

At the time she filed her petition, the petitioner was incarcerated at the Federal Prison Camp (FPC) in Alderson, West Virginia.   Her amended section 2241 petition ("Amended Petition") challenges the calculation of her federal sentence, asserting that she should receive additional credit for days spent in state custody that were not credited toward any state sentence.

On June 20, 2013, the undersigned United States Magistrate Judge issued an Order to Show Cause (ECF No. 11) directing the respondent to respond to the Amended Petition.   According to the respondent's Response to the Order to Show Cause, after the Amended Petition was filed, the Federal Bureau of Prisons ("BOP") reviewed the petitioner's sentence computation and discovered an error, which was corrected.   (ECF

No. 14 at 3-4).    Approximately 10 months of credit was added to the petitioner's sentence calculation and, according to the BOP inmate locator, www.bop.gov, she was released from federal custody on or about November 16, 2015.[2]    Thus, her Amended Petition is now moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.    U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).    When a case or controversy no longer exists, the claim is said to be "moot."    In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.    *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

In the instant case, the error claimed in the petitioner's Amended Petition was remedied and she has been released from federal prison.    Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of the sentence correction and her release from custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge

---

[2]  An updated review of the BOP inmate locator and the petitioner's criminal docket sheet in the United States District Court for the Northern District of Texas indicates that the petitioner is back in federal custody serving a 12-month sentence following the revocation of her term of supervised release.    *United States v. Walter*, Case No. 6:10-cr-00019-08 (N.D. Tex.) (ECF No. 336).    The revocation sentence is unrelated to and has no effect on the issue addressed in the petitioner's Amended Petition.

**DENY AS MOOT** the petitioner's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 5), and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on the opposing party and Judge Faber.

4

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the petitioner at FPC Bryan, 1100 Ursuline Avenue, Bryan, TX 77803, and to transmit a copy to counsel of record.

July 26, 2016

Dwane L. Tinsley
United States Magistrate Judge

5